UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES A. WILBORN, JR.,

    Applicant,

v.                                                           CASE NO. 8:17-cv-2300-SDM-SPF

SECRETARY, Department of Corrections,

    Respondent.
_____/

**ORDER**

    Wilborn applies (Doc. 1) under 28 U.S.C. § 2254 for the writ of habeas corpus and challenges his convictions for attempted first-degree murder and felon in possession of a firearm, for which Wilborn is imprisoned for thirty years. Numerous exhibits ("Respondent's Exhibit") support the response. (Doc. 16) The application asserts a single ground for relief, which the Secretary contends is partially unexhausted, procedurally barred, and otherwise fails to assert a claim reviewable under Section 2254. An earlier order (Doc. 14) determines the application's timeliness.

    The issue in this action is straight-forward and does not require extensive analysis. Because of Wilborn's intoxication, police officers waited until the day after his arrest to conduct an interview. The following morning the police officers did not know that, before they arrived to interview him, Wilborn had already attended his initial appearance and was appointed counsel. At the beginning of the interview

Wilborn waived his *Miranda* rights and during the interview he incriminated himself. Under then-controlling state-court precedent, the interview was improper without the presence of appointed counsel, but the interview was proper under then-controlling federal precedent. The Secretary correctly argues that the pending application asserts a claim under only state law.

The trial court denied a pre-trial motion to suppress the post-*Miranda* statements, choosing to follow newer controlling federal court precedent rather than older controlling state court precedent. The relevant portion of the order follows (Respondent's Exhibit 8 at 5–7) (references to record omitted):

> In his Motion, Defendant claims that any statements made by him on March 16, 2011, were taken in violation of the Sixth Amendment to the United States Constitution and in violation of his rights under Article I, § 16 of the Florida Constitution. Defendant contends that under *Michigan v. Jackson*, 475 U.S. 625 (1986), the United States Supreme Court held that "once the Sixth Amendment right to counsel has attached and been asserted, police may not again approach a Defendant for an interview on the same offense without counsel being present." However, Defendant then recognizes that *Jackson* was subsequently overruled by *Montejo v Louisiana*, 556 U.S. 778 (2009). Defendant makes no further argument to support his Sixth Amendment claim.
>
> With respect to his rights under the Florida Constitution, Defendant cites *Williams v. State*, 33 So. 3d 138 (Fla 5th DCA 2010), as support for his position. Particularly, Defendant cites to the following explanation by the Fifth District Court of Appeal:
>
>> "Although *Montejo* resolved the issue under Sixth Amendment jurisprudence, the Supreme Court acknowledged that the states were free to continue prohibiting these types of police-initiated interrogations under their own constitution. Thus, *Montejo* does not resolve the issue under Article I, Section 16 of the Florida Constitution."

*See Williams*, 38 So. 3d at 192. Defendant further claims that Florida case law supports a finding that once a defendant signs the invocation form, this serves as an absolute shield to any questioning of the defendant. Although Defendant admits that *Montejo* does not support this conclusion under federal law, Defendant contends that the *Williams* case provides support for his position under Florida law.

Defendant's claim that his statements were taken in violation of his rights under the Sixth Amendment to the U. S. Constitution is without merit. The Court finds *Montejo v. Louisiana*, 556 U S. 778, 129 S. Ct. 2079 (2009), is dispositive of the issue. In that case, the U.S. Supreme Court held that a defendant's request for counsel at arraignment or similar court proceeding, nor the appointment of counsel by the court, gives rise to the presumption that any subsequent waiver by defendant, and agreement to participate in a police-initiated custodial interview, is invalid. *See id*. At the evidentiary hearing, defense counsel conceded that Defendant's Motion was based on the Florida Constitution and the *Williams* Fifth District holding; yet the Sixth Amendment argument was included because of perceived ambiguity. However, because Defendant included the Sixth Amendment argument in his Motion as a basis for his violation claim, the Court has addressed it herein. Based on the forgoing, the Court finds that *Montejo v Louisiana* is dispositive of Defendant's Sixth Amendment claim, therefore, Defendant is not entitled to relief on his Sixth Amendment violation claim.

With respect to Defendant's claim that his statements were taken in violation of his rights under Article l, § 16 of the Florida Constitution, the Court finds that *Montejo v Louisiana* provides binding U.S. Supreme Court precedent directly on point. Any Florida Supreme Court precedent on point adopted the reasoning of *Michigan v Jackson*. *See generally Owen v. State*, 596 So. 2d 935 (Fla. 1992), *Phillips v. State*, 612 So. 2d 557 (Fla. 1992), and *Traylor v. State*, 596 So 2d 957 (Fla. 1992). Yet, *Montejo* overruled *Jackson*, explicitly disagreeing with the reasoning of the *Jackson* Court. *See Montejo*,129 S. Ct. at 2085–91. Since *Montejo* overruled *Jackson*, the Florida Supreme Court has not taken on this issue so as to resolve the effect of *Montejo* on Florida jurisprudence. In light of *Montejo v. Louisiana*, the Court declines to follow the reasoning of the *Williams* Court. *See Williams*, 38 So. 3d at 192 (affirming the lower court's denial of defendant's motion to suppress on grounds that defendant did not invoke his right to counsel on the murder and burglary charges). Because the Court finds that *Montejo*

>provides binding U.S. Supreme Court precedent directly on point, Defendant's violation claim under Article I, § 16 of the Florida Constitution is denied.

The only issue Wilborn appealed was the denial of the motion to suppress, and Wilborn briefed the discrepancy between state (*Williams*) and federal (*Montejo*) precedent.* (Respondent's Exhibit 16)  The appellate court affirmed in a *per curiam* decision without a written opinion.  (Respondent's Exhibit 17)  After addressing the trial court's analysis of the issue under both state and federal precedent, Wilborn's sole ground for relief in his federal application concludes with the following statement: "The Florida Constitution supports and requires suppression in this case." (Doc. 1 at 4)

Federal habeas corpus review of an alleged violation of state law is limited by statute.  "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  As a general principle, an alleged violation of state law fails to assert a federal constitutional issue, as *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010), explains:

>But it is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts. The habeas statute unambiguously provides that

---

* The Secretary argues that the federal claim is unexhausted and, consequently, procedurally barred. To the contrary, Wilborn exhausted his state court remedies by fairly presenting his claim to both the trial court and the appellate court. Nevertheless, as Wilborn admitted in the state trial and appellate courts, as well as in his admission in the federal application, *Montejo* forecloses a Sixth Amendment claim.

> a federal court may issue the writ to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). And we have repeatedly held that "'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire,* 502 U.S. 62, 67, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 111 L. Ed. 2d 606 (1990)). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." 502 U.S., at 67–68, 112 S. Ct. 475.

*Accord Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus."); *Reese v. Sec'y, Fla. Dep't of Corr.*, 675 F.3d 1277, 1290 (11th Cir. 2012) (" 'Necessary to [Reese's] success . . . is the proposition that the Florida Supreme Court erred in construing the laws of Florida.  In fact, [Reese's] claim involves a pure question of state law.  Questions of pure state law do not raise issues of [federal] constitutional dimension for federal habeas corpus purposes.' *Carrizales v. Wainwright*, 699 F.2d 1053, 1054–55 (11th Cir. 1983).  A precedent of a state court about an issue of state law can never establish an entitlement to a federal writ of habeas corpus.") (brackets original).  The state courts properly ruled that *Montejo* precludes Wilborn's federal claim, and whether the state courts properly applied state law is beyond this district court's review.

Wilborn's application for the writ of habeas corpus (Doc. 1) is **DENIED**.  The clerk must enter a judgment against Wilborn and **CLOSE** this case.

## DENIAL OF BOTH
## A CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Wilborn is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Wilborn must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Because he fails to show that reasonable jurists would debate either the merits of the grounds or the procedural issues, Wilborn is entitled to neither a COA nor leave to appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Wilborn must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on June 6, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE